

600 MASSACHUSETTS AVE., NW   WASHINGTON, DC 20001
T 202.344.4000   F 202.344.8300   www.Venable.com

September 1, 2021

**T** 310.229.9646
**F** 212.218.2100
MSandonato@Venable.com

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Heritage IP LLC v. Canon U.S.A., Inc.*, Case No. 2:21-cv-03705-BMC (E.D.N.Y.)

Dear Judge Cogan,

Pursuant to Section III.A.2. of Your Honor's Individual Rules of Practice, Defendant Canon U.S.A., Inc. ("Canon") respectfully submits this letter requesting a pre-motion conference regarding the filing of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As explained below, Canon respectfully requests a pre-motion conference to discuss a motion to dismiss on the grounds that (i) the Patent-in-Suit fails to recite patent-eligible subject matter as required under 35 U.S.C. § 101, (ii) the Complaint (D.I. 1) fails to state a plausible claim for indirect infringement, and (iii) the Complaint fails to state a plausible claim for willful infringement.

On June 30, 2021, Heritage IP LLC ("Heritage") filed the instant Complaint, alleging that Canon infringed U.S. Patent No. 6,854,067 ("the Patent-in-Suit"). The Complaint alleges that the Patent-in-Suit relates to a "method and system which effectively functions to provide dynamic power control capabilities for a microcontroller." D.I. 1, ¶ 15. Count I of the Complaint alleges direct infringement only, but the Prayer for Relief also refers to "indirect[]" and "willful" infringement, without providing any factual bases therefore. *See id.*, ¶¶ 16-21, Prayer for Relief.

The Patent-in-Suit claims an "abstract idea," and lacks an "inventive concept" sufficient to render that abstract idea patent-eligible, in view of *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 134 S. Ct. 2347 (2014). In particular, the Patent-in-Suit claims nothing more than the abstract idea of gathering, analyzing and communicating information. Claim 1 (the only claim identified in the Complaint) broadly claims steps that merely amount to an abstract idea implemented with generic components: (1) supplying power; (2) gathering information about the power supply; (3) analyzing the information; (4) communicating the analysis; and (5) in response, "controlling certain functions" (*i.e.*, any function) of a microcontroller "accordingly" (*i.e.*, in any way). Claim 1 is thus precisely the type of claim that has been found patent-ineligible under *Alice* and its progeny. *See, e.g.*, *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018) ("We have explained that claims focused on 'collecting information, analyzing it, and displaying certain results of the collection and analysis' are directed to an abstract idea."); *MyMail, Ltd. v.*



The Honorable Brian M. Cogan
September 1, 2021
Page 2

*ooVoo, LLC*, No. 2020-1825, 2021 WL 3671364, at *5 (Fed. Cir. Aug. 19, 2021) ("We have long 'treated collecting information, including when limited to particular content (which does not change its character as information), as within the realm of abstract ideas.'") (citation omitted).

Moreover, the patent specification confirms that the alleged invention uses only well-known and conventional computer components, such as a "microcontroller," "processor," "power supply" and "power on reset circuit" ("POR"), to perform conventional activities.  In other words, the recited generic components do not supply an inventive concept, and instead "merely provide a generic environment in which to carry out the abstract idea."  *In re TLI Commc'ns LLC Patent Lit.*, 823 F.3d 607, 611 (Fed. Cir. 2016); *see also SAP*, 898 F.3d at 1167 ("[E]ven if a process of collecting and analyzing information is 'limited to particular content' or a particular 'source,' that limitation does not make the collection and analysis other than abstract.").

Notably, the Patent-in-Suit is directly analogous to claims found unpatentable in *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016), where the Federal Circuit held that a power control method—a "method of detecting events on an interconnected electric power grid"—was invalid under § 101.  *Id*. at 1352.  Like claim 1, the invalidated claim in *Electric Power Group* recited quintessential abstract data gathering and analysis steps.

|  | **Claim Held Invalid in** *Electric Power Group* | **Claim 1 of the Patent-in-Suit** |
|---|---|---|
| **Information gathering steps** | "receiving a plurality of data streams … collected in real time at geographically distinct points …" <br> "receiving data from other power system data sources" | "sensing a power state condition of said power state" |
| **Information analyzing steps** | "detecting and analyzing events in real-time from the plurality of data streams" <br> "deriving a composite indicator of reliability that is an indicator of power grid vulnerability" | "determining a suitability status of said power state condition" |
| **Communication steps** | "accumulating and updating the measurements from the data streams and the dynamic stability metrics, grid data, and non-grid data …" | "communicating said suitability status between said power on reset circuit and said processor" |

*Compare Elec. Power Grp.*, 830 F.3d at 1352 (Claim 12) *with* '067 Patent, Claim 1.  Resolving the issue of patent eligibility here does not require discovery or claim construction, as the patent itself admits that the components and method steps recited in claim 1 were conventional before the Patent-in-Suit was filed.  The same is true for the other independent and dependent claims.



The Honorable Brian M. Cogan
September 1, 2021
Page 3

Thus, Heritage cannot argue that these conventional recitations supply an inventive concept sufficient to transform claim 1 into a patent-eligible invention.[1]

Separate and apart from the Patent-in-Suit claiming ineligible subject matter, Heritage's threadbare claims of indirect and willful infringement fail to meet the minimum pleadings standards required under Supreme Court and Federal Circuit authority.  Indeed, Heritage fails to even identify a particular theory of indirect infringement (i.e., induced or contributory infringement), much less plead any facts that could plausibly demonstrate, *e.g.*, that Canon had the requisite pre-suit knowledge of the Patent-in-Suit and its alleged infringement, that Canon had the specific intent to induce a direct infringement by another, or that the accused products are not suitable for substantial noninfringing use and are material parts of the alleged inventions claimed.  Heritage's mere assertion that Canon infringes "directly and/or indirectly" falls woefully short of the required factual pleadings.  The same failures to allege knowledge and intent render Heritage's willful infringement claim fatally flawed.  Indeed, "willful infringement" is not even mentioned outside of the Prayer for Relief, and Heritage has not identified any facts sufficient to provide Canon with notice of the basis for its willfulness claim.

Canon respectfully submits that the Patent-in-Suit is directed to ineligible subject matter under § 101, and that a motion to dismiss is appropriate.  To the extent not obviated by resolution of the eligibility issue, Canon further submits that Heritage has failed to adequately plead indirect and willful infringement.  Canon is available at the Court's convenience to discuss the anticipated motion, including during the September 13, 2021 Initial Status Conference.

Respectfully submitted,

/s/ Michael P. Sandonato

Michael P. Sandonato

cc:     Nicholas Loaknauth, Counsel of Record for Plaintiff (via ECF)
        Jimmy Chong, Counsel of Record for Plaintiff (via ECF)

---

[1]  Canon further notes that the Patent-in-Suit has been the subject of at least three other § 101 challenges in related litigations.  Thus far, the patent's eligibility has not been addressed by any court.  *See Heritage IP LLC v. August Home, Inc.*, No. 1:20-cv-00723, D.I. 17 (D. Del. Sept. 10, 2020) (lawsuit dismissed before adjudication of the motion); *Heritage IP LLC v. Gimbal, Inc.*, No. 1:21-cv-00936, D.I. 14 (D. Del. Aug. 23, 2021) (motion recently filed and currently pending); *Heritage IP LLC v. VivaChek Labs., Inc.*, No. 1:21-cv-00937, D.I. 14 (D. Del. Aug. 19, 2021) (motion recently filed and currently pending).